**NORTH COAST TRANSP. CO. et al. v. UNITED STATES (WEST COAST BUS LINES, Limited, et al., Intervenors).**

No. 22528–S.

District Court, N. D. California, S. D.
March 2, 1944.

Ferd J. Schaaf and Fred C. Dorsey, both of Seattle, Wash., and Moran & Mielke, of San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Edward Dumbauld, Sp. Asst. to the Atty. Gen., for defendant.

Arthur H. Glanz and Henry F. Walker, both of Los Angeles, Cal., for intervenor West Coast Bus Lines, Ltd.

Nelson Thomas and Daniel W. Knowlton, both of Washington, D. C., for intervenor Interstate Commerce Commission.

Starr Thomas, of San Francisco, Cal., Jonathan C. Gibson, of Los Angeles, Cal., Russell B. James, of Chicago, Ill., and William F. Brooks, of Los Angeles, Cal., for intervenor National Trailways System, Burlington Transp. Co., and Santa Fe Trail Transp. Co.

E. S. Lubfin, of San Francisco, Cal., in pro. per.

Before WILBUR, Circuit Judge, and ST. SURE and GOODMAN, District Judges.

ST. SURE, District Judge.

North Coast Transportation Company and its wholly owned subsidiary, Independent Stages, Inc., plaintiffs, hold separate certificates of public convenience and necessity for the operation of passenger bus lines between Portland, Oregon, and Seattle, Washington. They sue the United States to set aside an order of the Interstate Commerce Commission (41 M.C.C. 269) granting to West Coast Bus Lines, Ltd., a certificate of public convenience and necessity to operate as a common carrier between San Francisco, Portland and Seattle. Plaintiffs seek to set aside the order only insofar as it would grant rights between Portland and Seattle. With the consent of the Commission this court granted a temporary injunction, restraining operations under the certificate pending a decision on the merits. The Interstate Commerce Commission, West Coast Bus Lines, Ltd., National Trailways System, Santa Fe Trail Transportation Company, and Burlington Transportation Company are intervenors. The case was heard before a statutory three-judge court.

On April 19, 1938, West Coast Bus Lines filed application with the Interstate Commerce Commission for a certificate of public convenience and necessity authorizing operation as a common carrier between Phoenix, Arizona, Los Angeles and San Francisco, Portland, Oregon, and Seattle, Washington. Plaintiffs, who were operating passenger buses between Portland and Seattle, and other companies operating in the areas affected by the application, protested the granting of the certificate. A hearing was held before a Commission examiner; voluminous testimony was taken; and the record was closed on October 5, 1938. During the hearing plaintiffs moved that the matter be assigned to a joint board as provided for in Section 205(a) of the Motor Carrier

Act, 49 U.S.C.A. § 305(a), on the ground that the application as amended by the proof was for an operation proposed to be conducted in only three states: California, Oregon and Washington; and that the assignment to such joint board was therefore mandatory. The motion was denied. In 1939 briefs were filed by all parties, and plaintiffs' motion was renewed. On August 2, 1940, another Commission examiner submitted a report and recommended order, recommending that a certificate be granted to West Coast to operate between San Francisco, Portland and Seattle, and that a certificate to operate between Phoenix and San Francisco be denied. During the same month plaintiffs and other protestants moved to strike this report and order. The motions were denied by Division 5 of the Commission. On November 4, 1940, plaintiffs filed "Exceptions to Report and Order Recommended by Examiner F. H. Schweickhardt, Brief in support of Exceptions, Request for Oral Argument, Petition for Reopening to Take Further Evidence." The motion to reopen was denied. On March 9, 1942, Division 5 of the Commission issued a Report and Order denying the application of West Coast in its entirety. On May 8, 1942, West Coast petitioned for reconsideration by the full Commission. On October 6, 1942, the Commission by a six to four majority reversed Division 5 and granted West Coast a certificate to operate between San Francisco, Portland, and Seattle. On December 12, 1942, plaintiffs petitioned for a stay of the order granting the certificate and for reopening and further hearing. The petition was denied by the Commission, and thereafter the present action was commenced.

Plaintiffs contend (1) that the Commission erred in denying plaintiffs' motion to refer the application of West Coast Bus Lines to a joint board for hearing and disposition; (2) that the evidence is insufficient to support the order granting the certificate to West Coast; (3) that the findings of the Commission are insufficient to support the order granting the certificate to West Coast; (4) that if the order is allowed to stand plaintiffs' constitutional rights under the Fifth Amendment will be violated; and (5) that it was an abuse of discretion for the Commission to refuse to reopen the proceeding to admit evidence of changed conditions occurring after the record was closed.

1. Section 205(a) of the Motor Carrier Act, 49 U.S.C.A. § 305(a), provides in part:

"The Commission shall, when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three States, * * * refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations * * *: Applications for certificates, * * *. The joint board to which any such matter is referred shall be composed solely of one member from each State within which the motor-carrier or brokerage operations involved in such matter are or are proposed to be conducted: * * *."

In its application West Coast proposed to conduct operations in four states. At the hearing the evidence shows that it virtually abandoned its proposal to operate between Arizona and California, and limited its showing to California, Washington and Oregon.

■ The question is, where an application proposing operations in more than three states is assigned to an examiner, and the proof offered by applicant substantially relates to only three states, is it then mandatory that the proceeding be reassigned to a joint board? We think the statute cannot be so interpreted. "Applications for certificates" are included in the "matters" to be referred to a joint board. In making the reference, the operation proposed by the applicant must necessarily be determined from the application rather than from the supporting evidence. In disposing of plaintiffs' contention Division 5 of the Commission said (32 M.C.C. 621): "In the absence of any showing of any intentional deception or fraud, an application, once lawfully referred either to an examiner or to a joint board of either three or two members, may properly be disposed of by such referee, even though during the course of the hearing applicant wholly fails to support or otherwise abandons his proposal as to one or more states, so that the number actually finally involved is less than originally appeared. Any other conclusion would tend to uncertainty and confusion. In innumerable hearings, jurisdictional issues, requiring final determination before proceeding, would arise as to whether or not there had been a failure of proof

as to a particular state." The views of Division 5 were adopted by the full Commission. 41 M.C.C. p. 270.

There is no evidence of fraud or deception on the part of West Coast, and plaintiffs stated at the hearing that they made no claim of bad faith. We think the action of the Commission in refusing to reassign the proceeding to a joint board was proper.

■ 2. Plaintiffs contend that the evidence does not support the order of the Commission. It is unnecessary to discuss the evidence. It is not for this court to find the facts and substitute its judgment for that of the Commission. The only question is whether there was any evidence on which to base the decision. The record shows ample and convincing evidence to support the finding of the Commission that the public interest would be served by permitting a competing carrier to operate in plaintiffs' territory.

3. Plaintiffs claim that the findings made by the Commission are insufficient to support the order granting the certificate. The language of the Commission objected to is as follows: "We find that the present and future public convenience and necessity require operation by applicant as a common carrier by motor vehicle, in interstate or foreign commerce, of passengers and their baggage in the same vehicle with passengers, between San Francisco and Seattle over the following route: (describing it); that applicant is fit, willing, and able properly to perform such service; that a certificate authorizing it should be granted; and that in all other respects the application should be denied." Plaintiffs urge that this is the only language indicating a specific finding of fact, and that since it is nothing more than a general statement in the words of the statute it is not sufficient to support the order.

■ The quoted language conforms with section 207 of the Interstate Commerce Act, 49 U.S.C.A. § 307, which requires such a finding. Besides, the report on reconsideration contains numerous preliminary findings on which the final conclusion is based. Section 14 of the Interstate Commerce Act, 49 U.S.C.A. § 14, provides that "whenever an investigation shall be made by said commission, it shall be its duty to make a report in writing in respect thereto, which shall state the

conclusions of the commission, together with its decision, order, or requirement in the premises; and in case damages are awarded such report shall include the findings of fact on which the award is made." No damages were awarded in this proceeding, and the Commission was therefore required to state only its conclusions. The Commission has adequately complied with the requirement of the statute.

4. Plaintiffs urge that to permit a competing carrier to enter their territory at a time when their activities are curtailed by wartime restrictions would deprive them of their constitutional rights under the Fifth Amendment.

■ The grant to plaintiffs of the privilege of operating a public utility was in no sense the grant of a monopoly. If a state of war did not exist, and the establishment of a competing line were determined to be in the public interest, no constitutional right of plaintiffs would be invaded merely by permitting competition. Plaintiffs claim, however, that since their operations are now restricted by the Office of Defense Transportation and their services curtailed, it would be inequitable to permit competition. The restriction complained of is briefly as follows: General Order O. D. T. No. 11 directed carriers to "eliminate waste in operations and eliminate duplication of parallel services", etc., and required common carriers operating over the same or closely parallel routes to formulate a joint plan for the maximum use of equipment and facilities. Plaintiffs submitted a plan whereby the operations of Independent Stages would be suspended and the equipment of the subsidiary taken over by the parent company. The plan was accepted by the ODT and the suspension of Independent Stages ordered by that office in August of 1942. Plaintiffs have not suffered financial loss from the suspension, but on the contrary have increased their profits substantially during the joint operation. However, it seems immaterial whether plaintiffs have profited or suffered loss because of war conditions. There are few businesses which have not been affected by war regulation. A company whose output is curtailed by rationing obviously may not on that ground keep competitors out of its field. No more may plaintiffs; for after a valid determination that the public would be benefited by the operations of a competing carrier, the right of West Coast

to operate is equal to plaintiffs' and subject to the same restrictions. We think that plaintiffs' constitutional rights will not be impaired by the issuance of the certificate.

5. Plaintiffs contend that since 1938, when the record before the Commission was closed, the war effort has caused radical changes affecting transportation, and that the Commission abused its discretion in refusing to reopen the proceeding and consider the application in the light of such changed conditions. Plaintiffs urge that the policies and orders of the Office of Defense Transportation and similar agencies constitute changes in the standards by which present or future public convenience and necessity are to be measured, and changes in factual conditions affecting transportation.

Plaintiffs strongly rely upon the decision of the Supreme Court in Atchison, etc., Ry. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273, an important case touching the structure of rates on export grain from the territory west of the Mississippi River and from Illinois. Here the inquiry relates not to the fixing of rates but to the establishment of a competitive bus line. In the Atchison case the Supreme Court pointed out that a changed economic condition (the Depression of 1929–31) demanded reopening and a reconsideration. It held that, under the circumstances, the Commission abused its discretion in denying a rehearing.

In the present case the record was closed on October 5, 1938. Following various proceedings above enumerated, the full Commission on October 6, 1942, granted West Coast a certificate. In so doing it did not disregard, as the Commission did in the Atchison case, a radical supervening situation. The Commission took judicial notice that a state of war existed from December 8, 1941, between the United States and its enemies. This is shown by the dissenting opinion of Commissioner Mahaffie to the order of the full Commission, when he refers to changed conditions since the proceedings closed in 1938. Commissioner Mahaffie did not suggest that the proceeding be reopened to consider war conditions but that in view of such conditions the application for a certificate be denied.

On December 12, 1942, plaintiffs filed a petition for reopening and further hearing, based upon alleged changes in fares for passenger service and also upon changes in conditions occasioned by the war effort.

The Commission again considered wartime conditions. It had before it plaintiffs' petition for rehearing setting forth in detail the changes and plaintiffs' contentions as to the effect of such changes on the operations involved, and the answer of West Coast admitting the factual conditions alleged by plaintiffs and refuting plaintiffs' speculations and predictions as to their effect.

It would be a useless act to reopen the proceeding, for it would not be possible to predict what will be the ruling of the various war agencies if West Coast is now permitted to proceed under its certificate. And as stated by counsel for the Commission, if plaintiffs are right and West Coast will not be permitted to operate, plaintiffs are not damaged because they will not have the competition they are attempting to prevent. If plaintiffs are wrong and these operations will be made possible by the war agencies, presumably it will be because the war effort and the public will be benefited by the operation.

The decision in the Atchison case, supra, is not to be extended to require a rehearing in every case, rate or otherwise, for changed conditions; and "the rule announced, while intended to safeguard substantial rights * * *, may not be invoked where its application would disenable the Commission to protect the interest of the public." United States v. Northern Pacific R. Co., 288 U.S. 490, 494, 53 S. Ct. 406, 407, 77 L.Ed. 914. We think that the Commission protected the interest of the public in granting the certificate for the competing bus service.

There is no showing that the Commission abused its discretion by failing to formally reopen the proceeding and receive evidence of facts of which it had taken judicial notice. The Commission decided that either despite changed conditions or because of them the public convenience and necessity required the additional service which West Coast proposed to furnish.

Where there is no abuse of discretion this court will not attempt to substitute its judgment as to whether or not the certificate should have been granted. This is a matter peculiarly within the province of the Commission and one which it is best equipped to determine.

The temporary injunction heretofore issued will be vacated; the suit will be dismissed with costs to defendant and intervenors; counsel for defendant may submit findings of fact and conclusions of law in conformity with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.